there once or twice after that, and visited with the grandmother. He had also done work in the house, painting or varnishing, for the grandmother. There is no proof, other than that of the complaining witness, of any familiarity of the defendant with her, nor that, at the time of said alleged offense, he was in the house alone with her. The fact that she was pregnant was shown by her testimony and that of a physician who examined her; but the physician's evidence was not corroborative of the plaintiff's testimony against the defendant. It simply proved that she had had sexual intercourse with some man. People v. Robertson, 88 App. Div. 198, 84 N. Y. Supp. 401.

Section 283 of the Penal Code, which was in force at the time of this trial, provided that:

"No conviction can be had for * * * rape * * * upon the testimony of the female * * * defiled, unsupported by other evidence."

The authorities hold that under this section the corroborative evidence must be of such a character and quality as tends to prove the guilt of the accused, by connecting him with the crime, and the corroboration must extend to every material fact essential to constitute the crime. People v. Page, 162 N. Y. 272, 56 N. E. 750. There appears no evidence in this case, aside from that of the prosecutrix, to connect the defendant in any way with the commission of the crime, and the case is devoid of any sufficient evidence in corroboration of her evidence as to the material facts essential to constitute the crime, and for these reasons the conviction cannot stand.

The judgment of conviction is therefore reversed, and a new trial granted. All concur, except SEWELL, J., who dissents.

---

PEOPLE ex rel. DELAWARE, L. & W. R. CO. et al. v. STATE BOARD OF TAX COM'RS et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

TAXATION (§ 496*)—ASSESSMENT OF SPECIAL FRANCHISE.

Under the tax law (Consol. Laws, c. 60), the assessment of a special franchise by the State Board of Tax Commissioners may be reduced on certiorari, so as to equalize it with other assessments in the same city made by the board of assessors.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 908; Dec. Dig. § 496.*]

Appeal from Special Term, Albany County.

Certiorari by the People, on the relation of the Delaware, Lackawanna & Western Railroad Company and another, against the State Board of Tax Commissioners and another, to review an assessment. From a final order confirming the assessment, relators appeal. Reversed, with directions.

The defendant the State Board of Tax Commissioners made an assessment of $135,000 on the special franchise of the relators in the city of Buffalo for the year 1907, and the writ herein was sued out for the purpose of reviewing such assessment. The proceeding was based, among other things, upon an al-

leged inequality of such assessment with other assessments on the same roll. The city of Buffalo was allowed to intervene as a party defendant, and the State Board of Tax Commissioners and said city each made a return to the writ. The matter was referred to a referee, to take evidence upon the issues raised by the returns, and to report the same to the court, with his findings of fact and conclusions of law. The referee made his report, directing equalization of the assessment and its reduction to the sum of $99,900. The relators thereupon made a motion for the confirmation of the report, and that motion was overruled by the court at Special Term, which made an order confirming the assessment as made by the State Board, and from that order of confirmation this appeal is taken.

There is no dispute about the facts. Upon the trial before the referee it was conceded that the average assessment upon the real estate in the city of Buffalo for the year of 1907 was 74 per cent. of its actual value, and it was conceded for the purpose of this case that the State Board of Tax Commissioners, in assessing the relators' franchises at the sum of $135,000, assessed the same at the full and true value thereof. All questions in the case were waived, except the one question as to whether the assessment of the State Board of Tax Commissioners is erroneous, by reason of its being at a higher valuation than the assessment of real property in the city of Buffalo for the year in question, as made by the board of assessors of that city.

Argued before SMITH, P. J., and CHESTER, COCHRANE, KELLOGG, and SEWELL, JJ.

Rogers, Locke & Babcock, for relators.

Louis E. Desbecker and Samuel F. Moran, for respondent City of Buffalo.

Philip A. Laing, for tax commissioners.

CHESTER, J. Before the determination of this case by the Special Term, this court had held, in People ex rel. Jamaica Water Supply Company v. State Board of Tax Commissioners, 128 App. Div. 13, 112 N. Y. Supp. 392, which was a case where the State Board had assessed the relator's franchise at full value and the local assessors had assessed the real property in the locality at 89 per cent. of its actual value, that 11 per cent. should be deducted from the value of the special franchise, to equalize it with the assessed value of the other property, and that the result was the value of the special franchise for the purpose of taxation. Since the determination of the case now under review by the Special Term, the Court of Appeals in the case last cited has finally put the matter at rest. On an appeal from the order made by us in that case, that court has approved our conclusion in that respect, and has held that under the tax law (Consol. Laws, c. 60) the assessment of a special franchise may be reduced, so as to equalize it with other assessments in the same locality. People ex rel. Jamaica Water Supply Co. v. State Board of Tax Commissioners, 196 N. Y. 39, 89 N. E. 581. On the authority of that case, therefore, this order must be reversed.

Final order reversed, with one bill of costs to the appellants, and motion granted to confirm the report of the referee, and for final order in conformity therewith. All concur.